Filed 10/8/24  You v. Rho CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JU YOUNG YOU et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>YOUNG CHUL RHO et al.,<br><br>  Defendants and Respondents. | G062839<br><br>(Super. Ct. No. 30-2021-01207866)<br><br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Shawn Nelson, Judge. Affirmed.

Law Offices of Andrew Kim and Andrew Kim for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

\*          \*          \*

Plaintiffs Ju Young You, Yunsue K. Kang, and Mi Seon Yoon Kim appeal from a judgment after a bench trial on their complaint against defendants Young Chul Rho, Young Sim Rho, and C&H Trust Deed Services. On the morning of the bench trial, plaintiffs, proceeding in propria persona, announced they were ready for trial. When the trial took place in the afternoon, plaintiffs indicated they were not adequately prepared because they did not believe the trial would go forward and requested a continuance. The court denied the request for a continuance and proceeded with the trial, but plaintiffs were not able to present any evidence. The court accordingly granted defendants' motion for directed verdict. Plaintiffs subsequently filed a motion for new trial, which the court denied.

On appeal, plaintiffs contend the court erred by proceeding with the trial because it was obvious they were not prepared. We discern no error in the court's decision to proceed with the trial and affirm the judgment

STATEMENT OF FACTS[1]

At the outset, we note our review in this case is impeded by deficiencies in plaintiffs' brief and the record on appeal. Plaintiffs recite various facts regarding the foreclosure sale of their home by one of the defendants and defendants' subsequent unlawful detainer action against plaintiffs. Plaintiffs do not cite to the record to support these facts, and the record on appeal does not include plaintiffs' complaint or other relevant pleadings. We accordingly do not consider these facts and cannot summarize the details of the underlying dispute. Plaintiffs also do not provide a coherent factual summary of all relevant facts concerning their motion for new trial or

---

[1] The appellate record does not include all relevant documents in the clerk's transcript. We accordingly summarize the available facts from the reporter's transcript and some documents in the clerk's transcript.

2

an adequate record. (Cal. Rules of Court, rule 8.204(a)(2)(C).)[2] Regardless, we summarize the relevant facts as best we can.

## I.

### THE TRIAL AND JUDGMENT

In March 2023, two of the plaintiffs, proceeding in propria persona, appeared for a bench trial. When the court asked why the third plaintiff, Mi Seon Yoon Kim, did not appear, plaintiffs indicated Kim's husband was injured.

Defendants also did not appear for trial, but their counsel did. Defendants' counsel apparently believed the trial would not go forward that day because plaintiffs filed a peremptory challenge to the prior judge and later informed defendants' counsel they would file another peremptory challenge to the next assigned judge. The court reprimanded defendants' counsel because each party was only entitled to one peremptory challenge and emphasized attendance at trial was not optional. The court added the parties were ordered earlier in the day to be available for trial within two hours, and it was not "up to a layperson to talk you into waiving that mandate."

The court then proceeded with the trial, but plaintiffs indicated they did not want to go forward. The court explained plaintiffs did not have to proceed but would lose their case. Plaintiffs then attempted to proceed with the trial but ultimately did not introduce any evidence through witnesses. When the court indicated it did not have an exhibit list, one of the plaintiffs stated it "was downstairs and . . . submitted through the window." The court

_____

[2] All further references to rules are to the California Rules of Court.

responded plaintiffs were required to bring their exhibits to trial. After attempting to provide witness testimony, plaintiffs stated they were not adequately prepared because they did not believe the trial would go forward that day and requested a continuance, which the court denied. Plaintiffs also suggested another judge had told them they might be able to continue the trial.

At the close of plaintiffs' case, defendants' counsel requested the court dismiss the action because plaintiffs failed to meet their burden of proving their causes of action. The court construed defendants' request as a motion for directed verdict and granted the motion. The court agreed plaintiffs failed to meet their burden of proof because they only provided arguments regarding "failures to comply with local court rules or reasons that this case would be better off continued."

At the end of March 2023, the court entered judgment in defendants' favor.

## II.
### PLAINTIFFS' MOTION FOR NEW TRIAL

A few days after the court entered judgment, plaintiffs filed a motion for new trial.[3] It appears plaintiffs retained counsel to represent them in connection with the motion for new trial.[4]

In their notice of motion, plaintiffs identified the following grounds for their motion: (1) "Irregularity in the proceedings of the court, jury

---

[3] In their opening brief, plaintiffs claim they filed a motion to vacate dismissal, which we assume refers to their motion for new trial.

[4] The record suggests plaintiffs' counsel previously represented plaintiffs at some point in the underlying action and currently serves as their appellate counsel.

4

or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial"; (2) "Accident or surprise, which ordinary prudence could not have guarded against"; and (3) "Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence have discovered and produced at the trial." The appellate record only includes the notice of motion, but it does not include the actual motion or any opposition papers.

At the motion for new trial hearing, the court summarized what had happened on the day of the bench trial. The court indicated all the parties had appeared and announced they were ready for trial in the morning. The court emphasized this was significant "because once ready was announced, the idea that they would later sort of argue for a continuance is really inappropriate unless something unique changed between . . . 9:00 a.m. and the court call." The court added that the parties were informed around 11:00 a.m. to appear for trial two hours later but did not show up because they misunderstood the law regarding peremptory challenges. According to the court, "some extraordinary bravado caused people to answer ready for trial and then when the reality hit that trial was going to occur, there was no ability to proceed." The court explained plaintiffs did not know what an opening statement was or how to call witnesses or introduce evidence.

In response, plaintiffs' counsel acknowledged his clients were at fault and implied they were in contempt of court. But he suggested a prior judge should have asked if the parties had exhibits with them "before accepting the pronouncement of ready" for trial. Plaintiffs' counsel believed the prior judge could have done more to determine if "both parties . . . [were] truly . . . prepared to go to trial."

In rejecting plaintiffs' arguments, the court noted: "[E]very time there was a hearing in the matter, looking at the court's record, [plaintiffs would] bring [an attorney] on, then let them go, bring someone on, let them go. And someone made a mistake and bet on themselves. And they shouldn't have done that. But they did." The court concluded there were no grounds for a new trial and denied the motion. Plaintiffs timely appealed.

DISCUSSION

Plaintiffs argue the court erred by proceeding with the trial and dismissing their case because it was clear they were not ready for trial. Plaintiffs note they did not submit any joint exhibits or trial binders and one of the plaintiffs was not present for trial. According to plaintiffs, the court should not have relied on their "uninformed declaration, as in pro se litigants, of being ready for trial when it was obvious . . . they were not ready for trial without any submitted witness and exhibit lists . . . ." None of these assertions warrant reversal.

A judgment or order of the lower court is presumed correct. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) An appellant has the burden of demonstrating reversible error and must provide legal authority to support his or her contentions. (*Ibid.*) If an appellant fails to support a point "with reasoned argument and citations to authority, we treat the point as waived." (*Ibid.*) An appellant's opening brief also must "[p]rovide a summary of the significant facts limited to matters in the record" (rule 8.204(a)(2)(C)) and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (rule 8.204(a)(1)(C)). We may disregard portions of an appellant's brief in noncompliance with this rule. (*Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2.)

6

Here, plaintiffs raise arguments without any attempt to apply the law to the circumstances of their case. Indeed, they only cite legal authority for the standard of review but not for any of their arguments. They also fail to provide an adequate record on appeal to demonstrate error. The appellate record does not include their motion for new trial or any opposition papers, which is central to this appeal. While the appellate record includes a reporter's transcript of the hearing, we are not able to determine all the arguments that were made to the trial court. "Failure to provide an adequate record on an issue requires that the issue be resolved against appellant." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Finally, plaintiffs did not provide "a summary of the significant facts" or the court's reasoning, which we have attempted to gather from the reporter's transcript. (Rule 8.204(a)(2)(C).) Given the paucity of legal analysis or factual support in plaintiffs' brief, meaningful appellate review is limited. For these reasons, we could deem plaintiffs' arguments waived without further consideration. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

We, nevertheless, address what we believe plaintiffs' contention to be. Based on our review of plaintiffs' opening brief and the record, we can decipher one central issue—whether the trial court erred by denying plaintiffs' oral request for a continuance of trial. Under rule 3.1332(a), the dates assigned for trial are firm, and parties and their counsel must regard the trial date as certain. Indeed, "continuances of trials are disfavored" and may be granted "only on an affirmative showing of good cause requiring the continuance." (Rule 3.1332(c).) Circumstances that may indicate good cause for a continuance include, among other things, the unavailability of trial counsel, a party, or a witness due to "excusable circumstances" or a party's

"excused inability to obtain essential testimony, documents, or other material evidence despite diligent efforts." (Rule 3.1332(c)(1)-(3) & (6).) The party seeking a trial continuance "must make the request . . . by a noticed motion or an ex parte application . . . with supporting declarations." (Rule 3.1332(b).) A court's decision to grant or deny a continuance of trial is reviewed for abuse of discretion. (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.)

The trial court did not abuse its discretion by denying a continuance of the trial. Plaintiffs, despite their status as self-represented litigants, were required to follow the same procedural rules applicable to all parties, but it appears they did not follow the rules governing a continuance of trial. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) They point to no motion, ex parte application, or declarations. (Rule 3.1332(b).) They also do not appear to have made any arguments about the unavailability of their trial counsel due to "excusable circumstances." (Rule 3.1332(c)(3).) To the contrary, the court's comments suggest plaintiffs repeatedly retained and terminated their counsel throughout the underlying action and chose to proceed in propria persona for trial. While one of the plaintiffs, Mi Seon Yoon Kim, was not present at trial, plaintiffs only stated Kim's husband was injured without any further explanation. It does not appear they asserted Kim's absence as a basis for a continuance. Finally, there is no evidence plaintiffs were misled regarding their duty to proceed with trial or were unable to obtain essential testimony or evidence "despite diligent efforts." (Rule 3.1332(c)(6).) Indeed, plaintiffs apparently had notice of the trial date because they personally appeared at court and announced they were ready for trial. To the extent they misunderstood peremptory challenges and their effect on the trial, there is nothing in the record suggesting they were misled

8

by the court or defendants. Applying the deferential abuse of discretion standard of review, as we must, we conclude the court's decision to deny a continuance of trial did not exceed the bounds of reason, nor was it so irrational or arbitrary that no reasonable person could agree with it. (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

## DISPOSITION

The judgment is affirmed. Defendants are entitled to costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P.J.


GOETHALS, J.